JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| NAAC 2022-6 LP, <br><br> Plaintiff, <br><br> v. <br><br> KAWANNA-SHAWNTAYE GRITNEY and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: CV 23-01939-CJC (KESx) <br><br> ORDER *SUA SPONTE* REMANDING CASE |

## I.	INTRODUCTION & BACKGROUND

On March 15, 2023, Defendant Kawanna-Shawntaye Gritney removed this unlawful detainer action originally filed in the Superior Court of California, County of

-1-

<mark>Case 2:23-cv-01939-CJC-KES   Document 8   Filed 03/22/23   Page 2 of 4   Page ID #:58</mark>

Los Angeles by Plaintiff NAAC 2022-6 LP.  (Dkt. 1 [Notice of Removal].)  Plaintiff asserted that removal was proper based on the existence of federal question subject matter jurisdiction under 28 U.S.C. § 1331.  (*Id.*)  For the following reasons, the Court lacks subject matter jurisdiction and hereby *sua sponte* **REMANDS** the case to the Superior Court of California, County of Los Angeles

## II.     DISCUSSION

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  *See* 28 U.S.C. § 1441(b).  Federal courts have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  Whether subject matter

<mark>-2-</mark>

jurisdiction exists may be raised by the Court *sua sponte* at any time, and if it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) ("The court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.").

It is clear that the Court lacks subject matter jurisdiction over this case. Plaintiff's Complaint states a single claim for unlawful detainer under California law. (*See* Dkt. 1 at 7.) The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There are no federal claims in Plaintiff's Complaint. *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (explaining that to evaluate whether a court has original jurisdiction, it evaluates whether the plaintiff's operative complaint could have been brought originally in federal court).

While in the Notice of Removal alludes to Defendant as a "counter-complainant" and states that "[t]he case involves 42 U.S. Code 1983 violations under the 4th and 5th amendments of the Bill of Rights by alleged public agents," (Dkt. 1 at 1), federal question jurisdiction is present only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, a defense or counterclaim based on federal law cannot give rise to federal question jurisdiction. *Id.* at 10; *see also ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075

(9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court.").

Diversity jurisdiction is also lacking. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy requirement has not been met because the Complaint demands less than $10,000 in damages. (*See* Dkt. 1 at 7 ["Amount Demanded Does Not Exceed $10,000.00"].)

### III.  CONCLUSION

For the foregoing reasons, the case is hereby **REMANDED** to the Superior Court of California, County of Los Angeles.

DATED:     March 22, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE